```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA

-against-                                            MEMORANDUM AND ORDER
                                                     Case No. 04-CR-445
OKOBO VIEIRA,

                Defendant.
-------------------------------------------------x
```

*Appearances:*
*For the Defendant:*
OKOBO VIEIRA, *pro se*
63121-053
McRae Correction Institution
Post Office Drawer 30
McRae, Georgia 31055

**BLOCK, Senior District Judge:**

Okobo Vieira is currently incarcerated pursuant to this Court's judgment sentencing him principally to 140 months' imprisonment on five cocaine-trafficking convictions. He moves, pursuant to 18 U.S.C. § 3582(c)(2), for a modification of his sentence based on Amendment 782 to the United States Sentencing Guidelines ("USSG"), which reduced by two the base offense levels for drug-related convictions set forth in USSG § 2D1.1(c).

18 U.S.C. § 3582(c) generally prohibits a court from modifying a previously imposed term of imprisonment. Although subsection (2) authorizes a modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA

-against-

OKOBO VIEIRA,

        Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CR-445

*Appearances:*
*For the Defendant:*
OKOBO VIEIRA, *pro se*
63121-053
McRae Correction Institution
Post Office Drawer 30
McRae, Georgia 31055

**BLOCK, Senior District Judge:**

     Okobo Vieira is currently incarcerated pursuant to this Court's judgment sentencing him principally to 140 months' imprisonment on five cocaine-trafficking convictions. He moves, pursuant to 18 U.S.C. § 3582(c)(2), for a modification of his sentence based on Amendment 782 to the United States Sentencing Guidelines ("USSG"), which reduced by two the base offense levels for drug-related convictions set forth in USSG § 2D1.1(c).

     18 U.S.C. § 3582(c) generally prohibits a court from modifying a previously imposed term of imprisonment. Although subsection (2) authorizes a modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission," the exception is limited to reductions that are "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2).

In a policy statement accompanying the amendment, the Sentencing Commission stated that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG § 1B1.10(e)(1). The commentary explains that a reduction "that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" *Id.* n.6.

Vieira is due to be released on August 13, 2015. Since his anticipated release date precedes the effective date of the Court's authority to reduce his sentence, the motion is denied. Should Vieira's anticipated release date extend past November 1, 2015, he may renew his motion by so informing the Court in writing.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 13, 2015

2

sentencing range that has subsequently been lowered by the Sentencing Commission," the exception is limited to reductions that are "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2).

In a policy statement accompanying the amendment, the Sentencing Commission stated that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG § 1B1.10(e)(1). The commentary explains that a reduction "that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" *Id.* n.6.

Vieira is due to be released on August 13, 2015. Since his anticipated release date precedes the effective date of the Court's authority to reduce his sentence, the motion is denied. Should Vieira's anticipated release date extend past November 1, 2015, he may renew his motion by so informing the Court in writing.

**SO ORDERED.**

/S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
February 13, 2015

2